UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

RAYMOND & ASSOCIATES,  CASE NO. 15-1883-JCO

    Debtor.  Chapter 7

**MEMORANDUM OPINION AND ORDER SUSTAINING OBJECTIONS AND DISALLOWING PROOF OF CLAIM NUMBER 32 FILED BY CANDACE LAFORCE**

This matter came before the Court on the Objections of the Chapter 7 Trustee (Doc. 1009), the IRS (Doc. 1010) and PNC (Doc.1048) to Proof of Claim number 32-2 (the "Claim") filed by Candace LaForce ("Ms. LaForce") and joinders thereto by SCF Barge Line LLC, SCF Boats, LLC (Doc. 1052) and Wells Fargo (Doc. 1054) as well as Ms. LaForce's Response (Doc. 1026) and the Trustee's Reply (Doc. 1047). Proper notice of hearing was given and appearances were noted on the record. Having considered the pleadings, exhibits, briefs, stipulation of facts and arguments of counsel, the Court finds that the Objections are due to be SUSTAINED and the Claim is hereby DISALLOWED for the following reasons:

**JURISDICTION**

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the order of reference of the District Court dated August 25, 2015. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) (A) and (B).

1

## PROCEDURAL HISTORY AND FACTS

The instant bankruptcy case was filed June 16, 2015 as a Chapter 11 corporate reorganization (the "Corporate Case"). Prior to the Corporate Case, Raymond H. LaForce filed an individual Chapter 11 bankruptcy case in this District on September 11, 2014, Case No. 14-02967 (the "Individual Case"). The Corporate Case converted to Chapter 7 on December 14, 2016 and Terrie S. Owens (the "Trustee") was appointed Chapter 7 Trustee. (Doc. 488). Raymond & Associates, LLC (the "Corporate Debtor"), was wholly owned and operated by Raymond LaForce prior to the Corporate Case.

Raymond and Candace LaForce began divorce proceedings in September 2011 in the Circuit Court of Mobile County, Alabama (the "Divorce Court"), Case Number DR-2011-500882 (the "Divorce Case"). Ms. Laforce sought and received relief from the automatic stay in the Individual Case to proceed with the Divorce Case; she did not seek or obtain relief in the Corporate Case. The Divorce Court entered a judgment of divorce on January 20, 2016 which was subsequently amended on April 7, 2016 (collectively, the "Divorce Decree"). The Divorce Decree, as amended, included the following language:

> With respect to the BP claim:
>
> If this claim is a corporate asset, which has been listed in the Bankruptcy proceeding, then the Court does note that the husband shall be awarded 60% of the net BP claim, after the bankruptcy claims have been adjudicated by the Bankruptcy Court, which might have priority towards these BP claims. The wife shall be awarded the remaining 40%.

On May 15, 2017, Ms. LaForce filed her initial Claim in the Corporate Case for $10,000. (Proof of Claim No. 32-1). On September 6, 2017, the Bankruptcy Court entered an order in the Individual Case, holding that Ms. LaForce's equitable interest in marital estate property did not come into the Individual Case ("Authority Order"). *In re LaForce*, 577 BR 908 (Bankr. S.D. Ala.

2

2016).

The Trustee pursued and obtained a settlement ("BP Proceeds") of the Corporate Debtor's claim ("BP Claim") in the Deepwater Horizon Economic and Property Damages Program which was approved by this Court on June 22, 2018. (Doc. 792). The Trustee filed a motion to pay certain creditors from the BP proceeds (Doc. 904) to which Ms. LaForce did not object and an order approving the same was entered May 9, 2019. (Doc. 923). On June 27, 2019, Ms. LaForce amended her proof of claim in the Corporate Case to $1,417,360.00. In support of the Objection to Ms. LaForce's claim, the Trustee filed an affidavit indicating that the funds collected and anticipated to be collected, including the BP funds, will not be enough to satisfy all the claims of the creditors of the Corporate Debtor, Raymond and Associates, LLC. (Doc. 1009, Ex. B).

## CONCLUSIONS OF LAW

The issue presented is whether the Divorce Decree entitles the former spouse of a member of a limited liability company to a priority claim in the Corporate Debtor's bankruptcy. The Bankruptcy Code provision regarding allowance of claims, provides in pertinent part that if, "objection to a claim is made, the court after notice and hearing, . . . shall allow such claim . . . except to the extent that – (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . ." 11 U.S. C. §502 (b)(1). Claims based upon debts that are not enforceable against the debtor and property of the debtor under applicable law are due to be disallowed. *Id.*

### Interpretation of the Divorce Decree

This Court does not interpret the plain language of the Divorce Decree to entitle Ms. LaForce to a priority claim ahead of the Corporate Debtor's Creditors. Specifically,

3

the language in the Divorce Decree provides for a division ". . . of the *net* BP claim, *after bankruptcy claims have been adjudicated by the bankruptcy court . . .*" (Doc. 1009, Ex. A). The Divorce Decree language is not ambiguous and evidences recognition by the Divorce Court of the jurisdiction of this Court to adjudicate the claims of the Corporate Debtor's creditors, and acknowledges those claims take precedence over any domestic court award.

The language in the Divorce Decree also provides that Ms. LaForce shall receive 40% of the "net" BP claim after superior bankruptcy creditors. *Id.* The term "net" is generally defined to require a calculation by "subtracting the liabilities from the value of the tangible assets" *Black's Law Dictionary*, 1747 (9th Ed. 2009). The plain language and terminology used in the Divorce Decree acknowledges the superiority of the Corporate Debtor's bankruptcy creditors. Hence, this Court does not interpret the Divorce Decree to carve out corporate assets for the benefit of Ms. LaForce (the former spouse of a member of the LLC) in contravention of the orderly disposition of the Corporate Debtor's assets in accordance with the Bankruptcy Code.

### Domestic Support Obligations 101

In the event that the Divorce Court *did* intend the Divorce Decree to carve out corporate assets and provide priority treatment benefiting the former spouse of a member of the Corporate Debtor, such provision is not enforceable. A domestic support obligation ("DSO") is a debt owed to or recoverable by a spouse, former spouse or child of the debtor. 11 U.S.C. §101(14A)(A)(i). Principles of statutory construction require courts to interpret a statute in accordance with the normal meanings of its words and only look beyond the plain language if it is unclear, ambiguous or results in an absurd result. *Consumer Prod. Safety Comm'n v. GTE Sylvania,* 447

U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); *Gonzalez v. McNary,* 980 F.2d 1418, 1420 (11th Cir.1993); *Davis Bros., Inc. v. Donovan,* 700 F.2d 1368, 1370 (11th Cir.1983). When the language of the statute is clear, the function of the courts is to enforce it according to its terms. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). The plain language of 11 U.S.C. §101(14A) (A)(i) dictates that a corporate entity cannot have a domestic support obligation.

Ms. LaForce's claim, designated as ECF Claim 32-2, fails to meet the statutory requirements for treatment as a DSO in the Corporate Case. Ms. LaForce is the former spouse of Raymond LaForce, an individual. Although Ms. LaForce may be a DSO Creditor of Raymond LaForce, she is not a DSO creditor of the Debtor, an Alabama Limited Liability Company. Ms. LaForce's claim does not fall within the plain language of the definition of a domestic support obligation in this case as described in 11 U.S.C. §101(14A) (A)(i). Ms. LaForce is not a spouse, former spouse or child of the Corporate Debtor. Hence, the Divorce Decree does not entitle Ms. LaForce to a priority claim in this bankruptcy.

**Jurisdiction of Domestic Court Concerning Corporate Assets**

Domestic courts do not have subject matter jurisdiction to order the transfer of assets that are not part of the marital estate. It is well established that a corporation is a distinct entity, to be considered separate and apart from the individuals who compose it and is not to be affected by the personal rights and obligations and transactions of its stockholders. *Moore and Handley Hardware Co. v. Towers Hardware Co.*, 87 Ala. 26 (Ala. 1889). The same is true for an Alabama Limited Liability Company. Ala. Code § 10A-5A-1.04 (1975). Creditors of a member of an Alabama Limited Liability Company have only the right to pursue claims to distributions which the member

5

would otherwise be entitled to receive. Ala. Code. § 10A-5A-5.03; *Whaley v. Whaley*, 261 So. 3d 386 (Ala. 2017) (divorce court's award to wife of limited liability company's real property, equipment, contractual rights, intellectual property . . . went beyond awarding wife the husband's transferable interest in the LLC, i.e. his right to receive distributions, which under the LLC statute was the only interest of member that was transferable). Although a domestic support creditor may have a claim to the transferable interest of a member of a corporate entity, such creditor does not have a direct claim to the assets of the corporate entity.

Ms. LaForce's status as a domestic support creditor of Raymond LaForce does not entitle her to a direct claim against the Corporate Debtor. In accordance with Alabama law, Ms. LaForce's only recourse is against Raymond LaForce's *financial interest* in the Company. Ms. LaForce did not have relief from the automatic stay to pursue any purported claims against the Corporate Debtor and the Corporate Debtor was not a party to the domestic proceeding in state court. The Claim does not arise from any debt owed by the corporate entity, but rather it is in the nature of support sought from Raymond LaForce. There is no dispute that the BP claim at issue was held by the Corporate Debtor at the time the Corporate Case was filed. Accordingly, the BP proceeds are property of the estate in the Raymond & Associates, LLC bankruptcy. Unfortunately for Ms. LaForce, the Trustee's Affidavit (Doc. 1009, Ex. B) evidences that the estate assets, including the BP funds, are not sufficient to satisfy all the claims of creditors of the Corporate Debtor. Hence, Raymond LaForce's interest as a member of the Corporate Debtor will not yield a distribution to him from this bankruptcy upon which Ms. LaForce could assert a claim.

**Prior Authority Order**

The prior "Authority Order" entered in Raymond LaForce's Individual Case does not entitle Ms. LaForce to a claim in this Corporate Case. Since Mr. and Ms. LaForce were in the midst of a divorce when the Individual Case was filed, relief from the automatic stay was granted to permit the Divorce Case to continue. Upon conclusion of the litigation, Ms. LaForce filed a motion in the Individual Case seeking authority to enforce the provisions of the Divorce Decree, including the award of periodic alimony, alimony arrearage, payment of certain debts and awards of marital property. Ms. LaForce now asserts that this Court's ruling on such motion in the Individual Case (the "Authority Order") supports her claim to assets of the Corporate Debtor. The Authority Order held that Ms. LaForce's equitable interest in the marital estate would not come into the bankruptcy estate in Raymond LaForce's Individual Case. *In re LaForce*, 577 BR 908 (Bankr. S.D. Ala. 2016). This Court did not however, make any determination as to the assets comprising the marital estate; nor did it declare that the BP claim of the corporate entity constituted marital property. As discussed above, pursuant to Alabama law, the "marital estate" includes only the member spouse's transferable interest in the corporate entity which is in effect the member spouse's right to receive distributions. Further, the Authority Order entered in Raymond LaForce's individual case has no applicability to the Corporate Case. The parties and issues are not the same and this Court did not intend its ruling to have any applicability to the Corporate Case. Therefore, the Authority Order in the Individual Case does not provide a basis for Ms. LaForce's claim in this corporate proceeding.

### Public Policy

Public policy supports holding that a former spouse of a member of a corporate debtor is not entitled to a priority claim in a corporate bankruptcy. Although this Court does not attribute any improper motive to the claimant in this case, it recognizes allowing domestic court rulings to allocate corporate assets to a former spouse of a member of a corporate entity ahead of the corporate debtor's creditors, would create opportunity for collusion and abuse of the bankruptcy process. For instance, it is conceivable that unscrupulous spouses could devise a scheme resulting in a divorce decree entered by acquiescence, consent or default to thwart legitimate claims of corporate creditors by affording a priority claim to a "former" spouse. Such potential result would be prejudicial to creditors and in contravention of the purpose of the Bankruptcy Code.

### **CONCLUSION**

Ms. LaForce does not have a viable basis to pursue a claim against the Corporate Debtor, Raymond & Associates, LLC. The plain language of the Domestic Decree does not entitle Ms. LaForce to a carve out of corporate assets from the bankruptcy estate, and even if the Divorce Court had intended to elevate Ms. LaForce's claim above Creditors of the Corporate Debtor, such provisions would be in violation of the pertinent provisions of the Bankruptcy Code as well as state corporate law. Further, the "Authority Order" did not entitle Ms. LaForce to a priority or other claim against the Corporate Debtor.

Accordingly, this Court hereby finds that Candace LaForce's claim is not enforceable against the Corporate Debtor or property of the Corporate Debtor under the Divorce Decree or Applicable Law. Therefore, it is hereby ORDERED, ADJUDGED and DECREED

that the Objections to Claim 32-2 of Candace LaForce in the amount of $1,417,360.00 are SUSTAINED and the Claim is hereby DISALLOWED.

Dated: November 20, 2019

_____
JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE